UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL LOVE,

         Plaintiff,

v.

M W G J LLC,

         Defendant.

Case No. 21-cv-01471-JD

**ORDER RE MOTION TO DISMISS**

Re: Dkt. No. 8

Plaintiff Samuel Love is a paraplegic and requires a wheelchair for mobility. Dkt. No. 1 ¶ 1. He has alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), and the California Unruh Civil Rights Act, Cal Civ. Code §§ 51-53, against defendant M W G J LLC (MWGJ), which owns and operates the Candlelight Inn Napa Valley in Napa, California. Love describes himself as "an ADA tester" who is "actively engaged in finding law breaking businesses and hauling them before the courts to be penalized." *Id.* ¶ 27. To that end, he is a frequent ADA plaintiff in this and other federal courts.

The complaint alleges that the Candlelight Inn website does not comply with the "Reservations Rule," 28 C.F.R. § 36.302(e)(1)(ii), which requires places of lodging to "identify and describe accessible features . . . in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." Dkt. No. 1 ¶ 32. Love says the website did not adequately disclose the features of the Candlelight Inn's "accessible" room, namely whether there are grab bars by the toilet, sufficient clearance and hot water pipe insulation under the sink for a wheelchair user, and a doorway width of "at least 32 inches." *Id.* ¶¶ 19-21. The alleged paucity of information is said to have deterred Love from patronizing the Candlelight Inn. *Id.* ¶ 26.

1    MWGJ says its website complies with the Reservations Rule, and has asked to dismiss the
2    complaint under Rule 12(b)(6) for failure to state a plausible claim.  The Court took the motion
3    under submission on the written papers.  Dkt. No. 12.

4    Dismissal is warranted because the Reservations Rule does not demand the level of detail
5    that Love urges.  The United States Department of Justice has issued guidance about the
6    information hotels should provide under the Reservations Rule to help prospective guests assess
7    whether a room meets their accessibility needs.  *See* 28 C.F.R. Pt. 36, App. A, "Title III
8    Regulations 2010 Guidance and Section-by-Section Analysis" ("DOJ Guidance"); *see also*
9    *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014) (the DOJ's "interpretation of its
10   ADA implementing regulations is entitled to controlling weight unless it is plainly erroneous or
11   inconsistent with the regulation.") (cleaned up).

12   The DOJ Guidance states that "a reservations system is not intended to be an accessibility
13   survey."  DOJ Guidance, § 36.302(e), "Hotel Reservations."  It provides that "it may be sufficient
14   to specify that the hotel is accessible and, for each accessible room, to describe the general type of
15   room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of
16   accessible bathing facility (e.g., roll-in shower), and communications features available in the
17   room (e.g., alarms and visual notification devices).  Based on that information, many individuals
18   will be more comfortable making reservations."  *Id.*  The DOJ Guidance expressly states that
19   "once reservations are made . . . many individuals with disabilities may wish to contact the hotel
20   or reservations service for more detailed information," and "[a]t that point, trained staff . . . should
21   be available to provide additional information such as the specific layout of the room and
22   bathroom, shower design, grab-bar locations, and other amenities available."  *Id.*  The DOJ
23   Guidance identifies "grab bar locations" as a specific example of information that may be
24   provided by staff after a reservation is made.  *Id.*  For "older hotels with limited accessibility
25   features, information about the hotel should include, at a minimum, information about accessible
26   entrances to the hotel, the path of travel to guest check-in and other essential services, and the
27   accessible route to the accessible room or rooms."  *Id.*

28

This is enough to dismiss the complaint. Love complains about a lack of room details that the governing federal standards do not require. He does not allege any other potential deficiencies, such as that the Candlelight Inn should have complied with the "older hotel" requirements, or that the website omitted information about the "communications features available." He also does not allege that the staff did not or could not provide answers to questions about the accessibility of the rooms.

Consequently, a plausible ADA claim has not been alleged. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). So too for the Unruh Act claim, which was predicated on the ADA allegations.

The remaining question is whether Love should have an opportunity to amend. Although other courts in this District have dismissed very similar claims with prejudice, *see, e.g.*, *Love v. Lanai Garden Corp.*, Case No. 20-cv-08918-EJD, 2021 WL 3633834, at *8 (N.D. Cal. Aug. 17, 2021), and a reasonable case could be made that the same should happen here, the Court cannot say with certainty that amendment would be futile. Love may file by November 12, 2021, an amended complaint that is consistent with this Order. A failure to meet this deadline will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

The requests for judicial notice and to consider information outside the complaint, *see* Dkt. Nos. 8-2 and 10, are denied. A motion to dismiss is properly resolved on the contents of the complaint. *Whitaker v. AMT Tech, Inc.*, No. 21-cv-03045-JD, Dkt. No. 18 (N.D. Cal. Aug. 16, 2021) ("the sufficiency of a complaint for Rule 12(b)(6) purposes is determined in the first instance within the four corners of the complaint.").

**IT IS SO ORDERED.**

Dated: October 26, 2021

JAMES DONATO
United States District Judge